UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE NATURE CONSERVANCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1096 |
| ) | |
| WILDER CORPORATION OF ) | |
| DELAWARE, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is before the Court on Plaintiff's Motion for Award of Pre-Judgment Interest. All claims have been resolved either by Court Order or agreement of the parties, leaving only Plaintiff's request for the award of pre-judgment interest in this case, and Wilder's newly filed Motion for Leave to File Third Party Complaint. This Order follows.

I.   Pre-judgment Interest

Under Illinois law, pre-judgment interest is only recoverable through an express agreement or by statute. In re Air Crash Disaster Near Chicago, Illinois, 644 F.2d 633, 638 (7th Cir. 1981). Here, there is no express agreement, and any entitlement to pre-judgment interest must be based on the Illinois Interest Act, 815 ILCS 205/2, which provides in relevant part that "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing . . . ." A contract for the sale of real estate qualifies as an "instrument of writing" under the statute. Farwell Construction Co. v. Ticktin, 84 Ill.App.3d 791, 405 N.E.2d 1051, 1064-65 (1st Dist. 1980).

Additionally, damages must be "fixed and easily ascertainable."  Mutual Service Casualty Ins. Co. v. Elizabeth State Bank, 265 F.3d 601, 628 (7th Cir. 2001); First National Bank of LaGrange v. Lowrey, 375 Ill.App.3d 181, 872 N.E.2d 447, 479-80 (1st Dist. 2007) (finding that the Interest Act only applies where there is "a fixed or easily calculated amount due from a debtor-creditor relationship that has come into existence by virtue of a written instrument.")  That being said, it is not required that the exact amount due be specified in the written instrument.  Residential Marketing Group, Inc. v. Granite Investment Group, 933 F.2d 546, 549 (7th Cir. 1991).  Interest can be awarded if the amount of damages is determinable "even when the claimed right and the amount due require legal ascertainment."  Oak Park Trust & Savings Bank v. Intercounty Title Company of Illinois, 298 Ill.App.3d 647, 678 N.E.2d 723, 728 (1st Dist. 1997), *citing* Martin v. Orvis Brothers & Co., 25 Ill.App.3d 238, 323 N.E.2d 73 (1st Dist. 1974); New Hampshire Insurance Co. v. Hanover Insurance Co., 296 Ill.App.3d 701, 696 N.E.2d 22, 28 (1st Dist. 1998).

Here, ¶ 6 of the Supplemental Agreement provides that "should Wilder fail to complete any of its obligations described in paragraphs 1.a. through 1.e. above by August 1, 2000, the Conservancy shall be entitled to complete such obligations on behalf of Wilder and to deduct the cost . . . thereof from the $75,000 withheld at closing. . . ."  Paragraph 8 of the Supplemental Agreement the provides that Defendant would "indemnify, defend and hold the Conservancy harmless from any loss or liability" regarding the existence or use of hazardous or toxic substances, etc., on the Property either before or during the Lease term.

Thus, under the terms of the agreements, the measure of the Conservancy's damages was the cost of performing Wilder's obligations and remediating contamination

in the wake of Wilder's breached warranties.  Though the exact cash value of expenses incurred by the Conservancy in curing Wilder's breaches was not initially known, it was by no means unprovable and could readily be determined by reviewing the Conservancy's invoices and other payment documentation.  Platinum Technology, Inc. v. Federal Insurance Co., 282 F.3d 927, 935 (7th Cir. 2002); New Hampshire Insurance Co. v. Hanover Insurance Co., 296 Ill.App.3d 701, 696 N.E.2d 22, 28 (1st Dist. 1998) (finding that "if the amount is determinable, interest can be awarded on money payable even when the claimed right and the amount due require legal ascertainment.")  As a result, the fact that Wilder disputed whether the remediation was necessary or whether it was not liable as a result of a legal defense to the claims does not preclude an award of pre-judgment interest.

Wilder cites Spagat v. Schak, 130 Ill.App.3d 130, 473 N.E.2d 988 (2nd Dist. 1985), for the proposition that where the underlying agreement was a real estate contract, the propriety of awarding pre-judgment interest is less likely, as the amount is often not fixed or easily ascertainable.  Spagat is readily distinguishable from this case, as it involved a calculation of damages that required expert opinion as to the value of the property at the time of the breach.  Id., at 994.  Here, Wilder knowingly agreed to extremely broad liability, agreeing to indemnify the Conservancy for "any loss" and further agreed that it would be responsible to the Conservancy for the costs it incurred in completing Wilder's obligations under the agreement.  As a result, the calculation of damages requires little more than adding up the Conservancy's receipts.  "If the amount due under a written contract is determinable, so that the defendant can have a good . . . idea of the amount of prejudgment interest to which he may be liable if he does not resolve the case promptly, the plaintiff is entitled to such interest."  Residential Marketing Group, 933 F.2d at 550.

The goal of applying pre-judgment interest is to make the plaintiff whole for the loss of use of money wrongfully withheld. Platinum Technology, 282 F.3d at 933, *citing* In re Estate of Wernick, 127 Ill.2d 61, 535 N.E.2d 876, 888 (Ill. 1989). As the Court has found the amounts due under the contract to be easily ascertainable and capable of determination, an award of pre-judgment interest is necessary to make the Conservancy whole in this case. Although Wilder objects to any award of pre-judgment interest, it makes no specific objection to the Conservancy's calculations of the amount of interest applicable on each claim or the per diem amounts. Accordingly, the Court awards pre-judgment interest in the amount of $101,220.68[1] through the date of this Order and entry of Judgment.

II.     Third Party Complaint

On July 6, 2009, more than a month after summary judgment was entered in favor of the Conservancy on substantially all of its claims and all that remained was the ruling on the request for pre-judgment interest and final judgment, Wilder filed a Motion for Leave to File a third party complaint. The basis for this complaint is the assertion that Wilder believes that it may be entitled to contribution or other relief from the Thompson Drainage & Levee District for the portion of damages awarded against it with respect to the remediation of petroleum contamination in the area south of the Pump House.

However, Wilder admits that it became aware of the contamination in this area as early as September 24, 2007, and that Plaintiff's Amended Complaint filed on February 2, 2008, alerted it to the fact that the Pump House had been operated by the Thompson

---

[1] This amount represents the $98,701.26 in interest due through June 17, 2009, plus an additional $2,519.42 in interest for the 23 days thereafter through the date of this Order.

Drainage and Levee District. Moreover, the record reveals Wilder owned and operated the Property in question in this case and according to Mr. Wilder, "had people on the board" of the District at the time that the Pump House and above ground tanks were in use. Accordingly, any involvement by the District or its employees with respect to this area should have been well known to Wilder long before the filing of the Amended Complaint in February 2008. Wilder makes no attempt to explain why it waited, at best, nearly 17 months after becoming aware of this information to seek leave to file the third party complaint.

The filing of a third-party complaint requires leave of court if not filed within ten days after serving its answer. Fed.R. Civ. P. 14(a). Needless to say, in this more than three year old litigation, that time has long since passed. "The timeliness of the motion, as well as the reason for the delay, are among the factors to be considered in determining whether leave to file the third party complaint will be granted." Albino v. City of Chicago, 578 F.Supp. 1487, 1489 (N.D.Ill. 1983); Highlands Insurance Co. v. Lewis Rail Service Co., 10 F.3d 1247, 1251 (7th Cir. 1993), *citing* Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

Here, the request is blatantly untimely, having been filed literally on the eve of the entry of final judgment, and the reasons for the delay are non-existent. Adding a party to this essentially concluded litigation at this late date would unnecessarily complicate and delay the resolution of proceedings that have essentially been resolved but for the entry of the final judgment document. Accordingly, Wilder's Motion for Leave to File a third-party complaint is denied. Of course, Wilder still retains the option of suing the third-parties in state or federal court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Award of Pre-Judgment Interest [#76] is GRANTED, and Wilder's Motion for Leave to File [#82] is DENIED. The Clerk is directed to enter final judgment in this case.

ENTERED this 10th day of July, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge